## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JOHNNIE LLOYD,**

    **Plaintiff,**

v.                                                                              Case No.: 6:25-cv-00381-PGB-NWH

**AMERICAN FREEDOM DISTILLERY, LLC, FLORIDA ENTITY; PRESIDENT JOHN KOKO, INDIVIDUAL; CFO SEAN RUMP, INDIVIDUAL; ATTORNEY RANDOLPH WOLFE, INDIVIDUAL; AND BOARD MEMBER NIKHIL PATEL, INDIVIDUAL;**

    **Defendants.**

___

### ORDER

This matter is before the Court on Plaintiff's Motion to Strike (the "Motion") (Doc. 54) and Defendants' Response in Opposition (Doc. 61). The Motion seeks to strike "improper and racially coded terminology contained in Defendants' Initial Disclosures," specifically the use of the phrase "disgruntled former employee." (Doc. 54 at 1-2).

Motions to strike are disfavored and such motions are routinely denied by courts in this district. *See Somerville v. Dep't of Health & Hum. Servs.*, No. 6:24-CV-2185-JSS-UAM, 2025 WL 1167802, at *4 (M.D. Fla. Apr. 22, 2025) (citing cases). Plaintiff cites to Rule 12(f), "Model Rule 8.4(g)" and Federal Rule of Evidence 403

in support for the Motion, but the Court construes the Motion as a motion to strike under Federal Rule of Civil Procedure 12(f). *See Lineberry v. Copart, Inc.*, No. 3:23-cv-1442-HES-LLL, 2025 WL 325538, at *1 n.2 (M.D. Fla. Jan. 29, 2025) (construing pro se motion to strike as proceeding under Rule 12). "Rule 12(f) motions to strike other filings (such as other motions, responses, or exhibits) are routinely denied as improper." *Pyzynski v. Thomas & Betts Corp.,* No. 6:16-cv-1998-Orl-40DCI, 2017 WL 9510591, at *1 (M.D. Fla. Nov. 16, 2017); *accord Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D. Fla. 1996) (denying a motion to strike a motion for sanctions because "a motion is not a pleading, and thus a motion to strike a motion is not proper under [Rule] 12(f)" (alteration adopted) (quotation omitted)). Motions to strike under Rule 12(f) are limited to "redundant, immaterial, impertinent, or scandalous matter[s]." Fed. R. Civ. P. 12(f). *See also Carlson Corp. / Southeast v. School Board of Seminole County, Florida*, 778 F. Supp. 518, 519 (M.D. Fla. 1991) (explaining that "[m]otions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

The Motion must be denied for at least two reasons. First, it is not directed to a pleading, but to initial disclosures. Even if initial disclosures were pleadings subject to Rule 12(f), and they are not, there is nothing for the Court to strike from the record because the initial disclosures were not filed. Second, although the phrase "disgruntled former employee" is an argumentative characterization, it is not the sort

of redundant, immaterial, impertinent, or scandalous matter reserved for motions to strike. Of course, this order is without prejudice to Plaintiff's ability to object to this characterization at trial. It is therefore,

**ORDERED** that Plaintiff's Motion to Strike (Doc. 54) is **DENIED**.

**DONE and ORDERED** in Orlando, Florida, this 13th day of August, 2025.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties